## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-91 _____   _____ Caption [use short title]

**Motion for:** Consolidation and Setting a Briefing Schedule

_____

_____

Set forth below precise, complete statement of relief sought:

Consolidation of 23-6559(L) with 24-91 and setting a

briefing schedule for the consolidated appeals.

In Re: Connecticut Municipal Electric Energy Cooperative

**MOVING PARTY:** United States   **OPPOSING PARTY:** CMEEC, Drew Rankin, James Sullivan, John Bilda

☐ Plaintiff        ☐ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

**MOVING ATTORNEY:** Tara E. Levens   **OPPOSING ATTORNEY:** Joseph Martini, Leslie Cahill

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, District of Connecticut    Spears Manning & Martini

157 Church Street, 25th Floor, New Haven, CT 06510    2425 Post Road, Suite 203, Southport, CT 06890

(203) 821-3794; tara.levens@usdoj.gov    jmartini@spearsmanning.com, lcahill@spearsmanning.com

Court- Judge/ Agency appealed from: U.S. District Court for the District of Connecticut / Hon. Jeffrey A. Meyer

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No

Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

_____

_____

_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Tara E. Levens _____ **Date:** January 23, 2024 Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

UNITED STATES OF AMERICA,                    No. 23-6559(L)
            Appellee,                        No. 23-6608(Con)
                                             No. 23-6609(Con)
    -v-                                      No. 23-7875(Con)
                                             No. 23-7882(Con)
DREW RANKIN,                                 No. 23-7887(Con)
JAMES SULLIVAN, and
JOHN BILDA,
            Defendants-Appellants.
_____

IN RE CONNECTICUT MUNICIPAL                  No. 24-91
ELECTRIC ENERGY COOPERATIVE,
            Petitioner,

    -v-

DREW RANKIN,
JAMES SULLIVAN, and
JOHN BILDA,
            Respondents,

UNITED STATES OF AMERICA,
            Respondent.
_____

## GOVERNMENT'S MOTION TO CONSOLIDATE AND SET BRIEFING SCHEDULE

The United States of America respectfully requests that briefing and argument in the above-captioned direct appeals be consolidated with the newly filed mandamus petition. Consolidation is appropriate here be-

1

cause the cases involve the same restitution order imposed in the underlying criminal case. Following consolidation, the government requests that the scheduling order be adjusted to allow sufficient time for all parties to brief the issues in the consolidated cases.

## Background

On November 6, 2018, a federal grand jury returned an indictment charging the defendants with conspiracy, in violation of 18 U.S.C. § 371 (Count One), and three counts of theft concerning a program receiving federal funds, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (Counts Two, Three, and Four). *See* 3:18cr272(JAM) (Doc. #1-1). Following a jury trial, defendants Drew Rankin, James Sullivan, and John Bilda each were convicted on Count Three, relating to theft concerning a program receiving federal funds for the calendar year 2015. *See* 18cr272(JAM) (Doc. #485).

On May 16, 2023, the district court sentenced Drew Rankin to a term of 12 months' imprisonment, three years' supervised release, a $100 special assessment, and restitution in an amount to be determined at a later date. On May 17, 2023, the district court sentenced James Sullivan to a term of 6 months' imprisonment, three years' supervised release, a $100 special assessment, and restitution in an amount to be determined

2

at a later date. On May 18, 2023, the district court sentenced John Bilda to a term of 6 months' imprisonment, three years' supervised release, a $100 special assessment, and restitution in an amount to be determined at a later date. *See* 18cr272(JAM) (Doc. ##677, 678, 680). On May 23, 2023, the district court granted the defendants' motions for bond pending appeal. *See* 18cr272(JAM) (Doc. #682).

On May 24, 2023, judgment entered as to each defendant. *See* 18cr272(JAM) (Doc. ##690, 691, 692). On May 31, 2023, the defendants each filed a timely notice of appeal. *See* 18cr272(JAM) (Doc. ##694, 695, 696). Those appeals were docketed in this Court as 23-6559 (Sullivan), 23-6608 (Bilda), and 23-6609 (Rankin).

Following briefing and a hearing on restitution, on November 14, 2023, the district court ordered the defendants to pay restitution to victim Connecticut Municipal Electric Energy Cooperative (CMEEC) in the amount of $374,400.31 for Rankin, $187,200.16 for Sullivan, and $187,200.16 for Bilda. *See* 18cr272(JAM) (Doc. ##743, 744, 745). On November 21, 2023, the defendants each filed a timely notice of appeal with respect to the restitution orders. *See* 18cr272(JAM) (Doc. ##750, 751, 753). Those appeals were docketed in this Court as 23-7875 (Bilda), 23-

3

7882 (Rankin), and 23-7887 (Sullivan). The defendants' appeals from the restitution orders have been consolidated with their appeals from the criminal judgment. *See* Doc. #34. The district court stayed the restitution orders pending resolution of the defendants' appeals. *See* 18cr272(JAM) (Doc. ##743, 744, 745).

The defendants filed their opening brief in the consolidated appeals on December 26, 2023. Doc. #44. Accordingly, the government requested, and this Court ordered, a due date of March 26, 2024, for its responsive brief. Doc. ##46, 47.

On January 5, 2024, CMEEC, a victim in the criminal case and the party to which restitution would be paid, filed a Petition for a Writ of Mandamus Pursuant to 18 U.S.C. § 3771(d). That petition was docketed in this Court as 24-91. Doc. #1.

## Discussion

This Court should consolidate briefing in the pending appeals with CMEEC's petition because doing so would serve the interests of judicial economy. Federal Rule of Appellate Procedure 3(b)(2) permits the consolidation of appeals. In determining whether consolidation is appropriate, this Court considers "both equity and judicial economy." *Chem One, Ltd.*

4

*v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (quotation omitted). The direct appeals—which already include the defendants' challenge to the restitution orders—and the mandamus petition captioned above should be consolidated because both challenge, albeit through different procedural mechanisms, the same restitution order imposed following the same restitution hearing and trial. Consolidating the cases will allow one panel of this Court to consider all challenges to the restitution issues together, rather than addressing one aspect of the restitution order in the direct appeal and another in the mandamus appeal.

Moreover, should the Court reverse or vacate the defendants' convictions, it would moot the mandamus petition entirely because it would extinguish CMEEC's right to restitution here. In that case, were the Court to consider the mandamus petition on its own schedule, the Court may well fully adjudicate an issue later determined to be dead. Accordingly, it would serve the interests of justice and judicial economy to provide the Court with one consolidated set of briefs addressing all of the issues arising from the restitution orders and the criminal judgments imposed in the underlying criminal case.

Upon consolidating these matters, the Court also should vacate the current scheduling order and impose an adjusted consolidated briefing schedule in this matter. In the direct appeal, the defendants filed their joint opening brief on December 26, 2023. The government's brief currently is due on or before March 26, 2024. Victim CMEEC filed its petition on January 5, 2024, and there is no current schedule for responses.

The government proposes that the defendants be permitted to respond to the mandamus petition on or before April 5, 2024, which is 91 days from January 5. *See* Loc. R. App. P. 31.2(a)(1). Following submission of that response, the government will request 91 days within which to file one consolidated brief addressing the issues presented by the defendants in the direct appeal and by CMEEC and the defendants regarding the mandamus petition. Then the defendants and CMEEC each would have 21 days to reply.

An expedited briefing schedule in the consolidated case is not warranted, where the restitution orders are stayed pending the defendants' direct appeals and where the defendants currently are under no obligation to pay restitution. *See* 18cr272(JAM) (Doc. ##743, 744, 745). As a

result, concerns over speed that ordinarily accompany mandamus petitions simply are not present here—there is no pending trial, the defendants are not in jail, there is no impending irreparable harm to any party, and resolution of this case primarily will be driven by the direct appeal, not the mandamus petition. Moreover, given the oversized brief already filed by the defendants in the direct appeal, coupled with CMEEC's 43-page petition and any response the defendants file to CMEEC's petition, it is unreasonable to put the government on an expedited schedule. The defendants may, of course, respond before April 5 if they so choose.

The government further expects that it will seek authorization to file an oversize brief. On December 11, 2023, this Court authorized the defendants to file a joint opening brief of up to 25,000 words, the government to file a response brief of up to 25,000 words, and the defendants to file a joint reply brief of up to 12,500 words. The word count certification for the defendants' opening brief states that it is 21,838 words. The government will endeavor to be as short as possible but, given the substantial economies in considering the restitution issues together in one brief, an additional word allocation would be appropriate. The government will seek leave for that additional increase if the need arises a later date.

## Conclusion

For these reasons, the Court should consolidate the direct appeals and the mandamus petition under lead number 23-6559 and direct the defendants to file a brief responsive to the mandamus petition on or before April 5, 2024. The government will then file a scheduling notification proposing a due date 91 days later for its responsive brief addressing the issues raised in both the direct appeal (23-6559(L)) and the mandamus petition (24-91). The defendants and victim CMEEC would then file any reply briefs within 21 days after the government's brief.

Counsel for the defendants advised that they oppose this motion and instead will move to dismiss the mandamus petition. Counsel for CMEEC has not yet provided a position on the requested relief.

Dated: January 23, 2024                    Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

TARA E. LEVENS
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700

STATE OF CONNECTICUT

ss: New Haven

COUNTY OF NEW HAVEN

**AFFIDAVIT**

I, Tara E. Levens, state as follows:

1. I am an Assistant United States Attorney for the District of Connecticut. I represent the United States in the captioned appeal, and I am admitted to practice before this Court.

2. I make this affidavit in support of the Government's Motion to Consolidate Appeals and Set Briefing Schedule.

3. The facts in the Government's memorandum attached to this motion are true and correct to the best of my knowledge and belief.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 23, 2024.

AFFIANT

TARA E. LEVENS
ASSISTANT U.S. ATTORNEY

**Federal Rule of Appellate Procedure 26.1 Disclosure Statement**

In this criminal case, one victim of the conduct was the Connecticut Municipal Electric Energy Cooperative (CMEEC), a Connecticut cooperative public corporation. CMEEC does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

TARA E. LEVENS
ASSISTANT U.S. ATTORNEY

**Federal Rule of Appellate Procedure 32(g) Certification**

This is to certify that the foregoing motion complies with the 5,200-word limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), in that the motion is calculated by the word processing program to contain approximately 1,342 words, excluding the affidavit, the Rule 26.1 Disclosure Statement, and this certification.

TARA E. LEVENS
ASSISTANT U.S. ATTORNEY

## CERTIFICATE OF SERVICE

This is to certify that on January 23, 2024, a copy of the foregoing motion and memorandum of law was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

TARA E. LEVENS
ASSISTANT U.S. ATTORNEY